# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-335V

* * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| CHARLES TAYLOR, | Chief Special Master Corcoran |
| Petitioner, | Filed: November 17, 2025 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

* * * * * * * * * * * * * * * * * * * * * * * *

*Elizabeth K. Abramson*, Mctlaw, Washington, DC, for Petitioner.

*Emily Hanson*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 28, 2022, Charles Taylor filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged his receipt of an influenza vaccine on October 5, 2020, caused him to suffer Guillain-Barré syndrome. Petition (ECF No. 1) at 5. I issued a ruling in favor of entitlement, and thereafter issued a decision awarding Petitioner compensation. *See* Ruling, dated Mar. 25, 2025 (ECF No. 56); Decision, dated July 8, 2025 (ECF No. 64).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Sept. 17, 2025 (ECF No. 69) ("Mot."). This is Petitioner's sole such request. Petitioner

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

requests a total of $124,609.25 in attorney's fees and costs ($100,059.70 in fees, plus $24,549.55 in costs) for the work of the attorneys and paralegals at mctlaw. Mot. at 1, 2. Respondent reacted to the fees request on September 30, 2025. *See* Response, dated Sept. 30, 2025 (ECF No. 70) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner filed a reply, maintaining his position and requesting that he be awarded the requested fees and costs as indicated. Reply, dated Oct. 1, 2025 (ECF No. 71).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$124,609.25**.

## I.       Calculation of Fees

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for the attorney and support staff who appeared for him in this matter, based on the years work was performed:

*Maglio Christopher & Toale (mctlaw)*

|  | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|
| **Elizabeth Abramson (Attorney)** | -- | -- | -- | $295.00 | $320.00 | $358.00 |
| **Altom Maglio (Attorney)** | -- | $445.00 | -- | -- | -- | -- |
| **Diana Stadelnikas (Attorney)** | -- | -- | -- | $525.00 | $560.00 | -- |
| **Joseph Vuckovich (Attorney)** | -- | -- | -- | $415.00 | -- | -- |
| **LeeAnne Pedrick (Attorney)** | -- | $195.00 | $220.00 | -- | -- | $348.00 |
| **Paralegals** | $160.00 | $160.00 | $170.00 | $180.00 | $190.00 | $205.00 |

ECF No. 69-3 at 1–34.

The mctlaw attorneys participating in this case primarily practice in Washington, D.C., and hence are definitionally "in forum." Accordingly, they are entitled to the forum rates established in *McCulloch*. *See Cain v. Sec'y of Health & Hum. Servs.*, No. 17-264V, 2022 WL 1299129, at *2 (Fed. Cl. Spec. Mstr. Apr. 5, 2022). The rates requested for Ms. Abramson and her colleagues are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[3] *See Pratt v. Sec'y of Health & Hum. Servs.*, No. 24-1536V, 2025 WL 2732913 (Fed. Cl. Spec. Mstr. Aug. 21, 2025). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested. I shall also award the requested paralegal time at the provided rates.[4]

## II. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[3] OSM Attorney's Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Nov. 17, 2025).

[4] The rates for the paralegals who worked on this matter are also consistent with what has previously been awarded and in accordance with the Office of Special Masters' fee schedule. ECF No. at 69-3 at 35.

3

Petitioner seeks $24,549.55 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of one expert, Theodoros Kelesidis, M.D., Ph.D. ECF No. 69-4 at 25. Dr. Kelesidis prepared two written reports in the matter, and submitted an invoice reflecting a total amount of $21,000.00 (35 hours of work billed at $600.00 per hour, minus a $4,800.00 retainer fee). *Id.* at 24, 30, 33. The total amount charged was reasonable for the work performed, and I do not find any reason to make reductions. And while the hourly rate is somewhat high, I find it reasonable under the circumstances. The same is true for the other litigation-related costs. Thus, all costs sought in this matter shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of $124,609.25, reflecting $100,059.70 in attorney's fees and $24,549.55 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.